1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHARLES CHATMAN,

11          Plaintiff,                    No. CIV S-09-1028 JAM KJM P

12          vs.

13   TOM FELKER, et al.,

14          Defendants.                   <u>ORDER</u>

15   _____/

16          Plaintiff, a state prisoner, is proceeding pro se with a civil rights action pursuant

17   to 42 U.S.C. § 1983.

18          By an order filed September 17, 2009, this court ordered plaintiff to complete and

19   return to the court, within thirty days, the sixteen USM-285 forms and seventeen copies of his

20   complaint which are required to effect service on the defendants.  On September 25, 2009,

21   plaintiff submitted only two USM-285 forms for defendants Probst and Craddock and only two

22   copies of the complaint.

23          Plaintiff  has also filed a motion asking the court to direct prison officials to

24   provide sufficient copies of his complaint for service.  In support of this motion, he has attached

25   a copy of the High Desert State Prison Law Library Access Request Form, which provides:

26   "INDIGENT INMATE LEGAL SERVICES, Photocopy service, HDSP Law Libraries will make

1

two (2) photocopies of indigent legal material not to exceed 50 pages in total length for mailing to a court." The policy does not address an inmate's need for multiple copies for service of a civil rights complaint. Plaintiff contends that because of the restrictions, it will take him months of law library visits to secure the number of copies for service.

The court declines to order the Warden of HDSP to provide the copies plaintiff seeks; it notes that other plaintiffs have been able to secure more than two copies for service. Nevertheless, the court will ask the Attorney General to ascertain whether the policy in fact restricts plaintiff's ability to make the required number of copies for service.

Finally, plaintiff has filed a motion requesting that the court order service of the complaint on defendant Amero. Plaintiff contends that he has stated a claim of retaliation against this defendant and that he was "mistakenly omitted" in the court's prior service order. Docket No. 14 at 1. Among plaintiff's complaints about defendant Amero is his allegation that when plaintiff was summoned to Amero's office, Amero and others were "wearing party hats" and told plaintiff they were "celebrating the opportunity to place plaintiff in ad/seg . . . ." Complaint ¶¶ 24, 25. The court declined to order service because these claims lack "facial plausibility." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The additional copy of the complaint plaintiff was directed to return is for the U.S. Marshal.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to return the two filled-out USM forms and two copies of the complaint to plaintiff;

2. The Clerk of the Court is directed to serve a copy of this order and of docket no. 13 on Monica Anderson, Supervising Deputy Attorney General;

3. The court requests Ms. Anderson to report to the court, within thirty days of the date of this order, whether the policy attached to docket number 13 is the current policy at HDSP and, if so, what provisions are available for someone in plaintiff' situation;

1           4.  Plaintiff's motion for an ordering directing prison officials to make copies

2  (docket no. 13) is denied without prejudice; and

3           5.  Plaintiff's motion for an order directing service on defendant Amero (docket

4  no. 14) is denied.

5  DATED: October 13, 2009.

6

7                                   U.S. MAGISTRATE JUDGE

8  2

chat1028.8f

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

3