Case 2:09-cv-01028-JAM-CKD   Document 78   Filed 04/03/12   Page 1 of 4

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES CHATMAN,

    Plaintiff,                       No. CIV S-09-1028 JAM CKD P

    vs.

TOM FELKER, et al.,

    Defendants.                FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. Defendant Patton, a former employee of the California Department of Corrections and Rehabilitation (CDCR) at High Desert State Prison, has filed a motion to dismiss for failure to exhaust administrative remedies.

I. Standard

        A motion to dismiss for failure to exhaust administrative remedies prior to filing suit arises under Rule 12(b) of the Federal Rules of Civil Procedure. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1120. If the district court concludes that the prisoner has not exhausted non-judicial remedies, the proper remedy is dismissal of the claim without prejudice. Id.

1

The exhaustion requirement is rooted in the Prison Litigation Reform Act, which provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). California Department of Corrections (CDC) regulations provide administrative procedures in the form of one informal and three formal levels of review to address plaintiff's claims. See Cal. Code Regs. tit. 15, §§ 3084.1-3084.7. Administrative procedures generally are exhausted once a prisoner has received a "Director's Level Decision," or third level review, with respect to his issues or claims. Cal. Code Regs. tit. 15, § 3084.5. All steps must be completed before a civil rights action is filed, unless a plaintiff demonstrates a step is unavailable to him; exhaustion during the pendency of the litigation generally will not save an action from dismissal. McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002).

Administrative remedies must be "properly" exhausted which means use of all steps put forward by the agency. Woodford v. Ngo, 548 U.S. 81, 90 (2006). Also, "proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91.

Defendant bears the burden of proving plaintiff's failure to exhaust. Wyatt, 315 F.3d at 1119.[1]

II. Plaintiff's Claims Against Defendant Patton

In "Count 2" of his complaint, plaintiff alleges defendant Patton violated plaintiff's rights arising under both the First and Eighth Amendments.[2] Plaintiff asserts that on or about March 8, 2007, he could not move from his bed and experienced excruciating pain in his

---

[1] On December 2, 2009, plaintiff was informed of the requirements for opposing an motion to dismiss for failure to exhaust administrative remedies.

[2] "In Count 2" plaintiff makes the same allegations against defendant Uribe and presents the same facts in support of those allegations as he does against defendant Patton.

left foot and shoulder. Complt., ¶ 33. Defendant Patton, a correctional officer, was summoned to assist plaintiff. Id., ¶¶ 7 & 34. After being apprised of plaintiff's condition, defendant Patton failed to offer any assistance. Id., ¶¶ 35-36. Plaintiff spent that evening in pain. Id., ¶ 38. The next day plaintiff was still in pain and was diagnosed with having gout. Id., ¶¶ 39-40. Plaintiff asserts Patton failed to assist plaintiff in retaliation for plaintiff having filed "complaints" against him. Id., ¶ 41.

III. Analysis

Defendant Patton argues plaintiff failed to exhaust administrative remedies with respect to either his First or Eighth Amendment claims. In response, plaintiff points to evidence indicating he grieved Patton's failure to provide him with medical care on March 8, 2007. Dkt, #33, Ex. F. Apparently, the grievance was screened out because the person reviewing the grievance determined that it was received on April 13, 2007, which was after the fifteen-day deadline for filing grievances. Id., Ex. F at 7. On the grievance form, plaintiff indicated that he submitted his grievance on March 15, 2007. Id., Ex. F at 8. Also, in his declaration attached to his opposition, plaintiff reaffirms he filed his grievance on March 15, 2007. Defendant Patton fails to point to anything upon which this court could reasonably base a finding that plaintiff did not submit the grievance when he says he did and that the grievance process was not made unavailable to plaintiff by virtue of his grievance being inappropriately screened out.

For these reasons, the court will recommend that defendants' motion to dismiss be denied with respect to plaintiff's Eighth Amendment claim against defendant Patton. However, the court will recommend that plaintiff's First Amendment claim be dismissed because there is nothing before the court indicating plaintiff complained through the grievance process that defendant Patton's actions on March 8, 2007 were in retaliation for plaintiff's exercise of his First Amendment rights.[3]

---

[3] In findings and recommendations issued September 12, 2011, the court reached the same conclusion with respect to defendant Uribe's motion to dismiss for failure to exhaust

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendant Patton's January 3, 2012 motion to dismiss be granted with respect to plaintiff's First Amendment claim, and denied as to plaintiff's Eighth Amendment claim.

2. Defendant Patton be ordered to file his answer within fourteen days of any order adopting the foregoing findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 2, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

1
chat1028.57(b)

---

administrative remedies.

4