IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES CHATMAN,

       Plaintiff,                      No. 2:09-cv-1028 JAM CKD P

    vs.

TOM FELKER, et al.,

       Defendants.         ORDER

_____/

      Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights pursuant to 42 U.S.C. § 1983. The remaining defendants are either former or current employees of the California Department of Corrections and Rehabilitation. Plaintiff has filed a motion to compel discovery (ECF No. 99). In light of the briefing provided concerning plaintiff's motion, and in light of the entire record, the court orders as follows:

      1. Defendant Harrod need not provide further responses to plaintiff's interrogatories 3, 7 or 13 as those interrogatories have been adequately answered.

      2. In interrogatory number 11, plaintiff asks defendant Williams "Have prisoners filed grievances against you regarding issues in relation to the law library?" In his complaint, plaintiff alleges Williams retaliated against plaintiff for complaining about law library matters and that Williams was employed in the law library.

1

Plaintiff's interrogatory is over-broad. Furthermore, the court finds that this interrogatory is not "reasonably calculated" to lead to the discovery of admissible evidence" as required by Fed. R. Civ. P. 26(b) because the mere fact that a prisoner had filed a grievance against defendant Williams with respect to her duties in the High Desert State Prison law library is not relevant to any of plaintiff's remaining claims, nor has plaintiff indicated how an affirmative answer to his interrogatory would, or even could, lead to discovery of admissible evidence. Defendant Williams need not answer further. Interrogatory number 16 directed to defendant Uribe, interrogatory number 2 directed to defendant Smith, interrogatory number 4 directed to defendant Probst and interrogatories 2 and 14 directed to defendant Harper are all similar to interrogatory number 11 directed to defendant Williams in that plaintiff asks those defendants whether they have had prisoner grievances filed against them for, among other things, "abuse." Those defendants need not answer further for the same reason the court will not compel Williams to answer further.

    3. Defendant Williams need not provide a further response to plaintiff's interrogatory number 12 as that interrogatory has been adequately answered.

    4. In interrogatory number 13, plaintiff asks defendant Williams "Have prisoners sued you in regards to their allegations concerning the law library?" The court finds that this interrogatory is not "reasonably calculated to lead to the discovery of admissible evidence" as required by Fed. R. Civ. P. 26(b) because the mere fact that a prisoner has sued defendant Williams with respect to acts related to her duties in the High Desert State Prison law library is not relevant to any of plaintiff's remaining claims, nor has plaintiff indicated how an affirmative answer to his interrogatory would, or even could, lead to discovery of admissible evidence. Defendant Williams need not answer further. Interrogatory number 17 directed to defendant Uribe, interrogatory number 3 directed to defendant Smith, interrogatory number 5 directed to defendant Probst and interrogatory number 15 directed to defendant Harper are all similar to interrogatory number 13 directed to defendant Williams in that plaintiff asks those defendants

whether they have been sued by prisoners for, among other things, "abuse."  Those defendants need not answer further for the same reason the court will not compel Williams to answer further.

5.  In interrogatory number 14, plaintiff asks defendant Williams "Have you been suspended from your employment with CDCR?"  The court finds that this interrogatory is not "reasonably calculated to lead to the discovery of admissible evidence" as required by Fed. R. Civ. P. 26(b) because the mere fact defendant Williams has been suspended from work is not relevant to any of plaintiff's remaining claims, nor has plaintiff indicated how an affirmative answer to his interrogatory would, or even could, lead to discovery of admissible evidence.  Defendant Williams need not answer further.

6.  Defendant Uribe need not provide a further response to plaintiff's interrogatory number 4 as that interrogatory has been adequately answered.

7.  Defendant Smith need not provide further responses to plaintiff's interrogatories 1, 4 or 7 as those interrogatories have been adequately answered.

8.  Defendant Harper need not provide a further response to plaintiff's interrogatories 3 and 4 as those interrogatories have been adequately answered.

9.  In interrogatory number 4 directed to defendant Patton, plaintiff asks, "Have you been disciplined as a result of complaints filed against you by prisoners?"  The court finds that this interrogatory is not "reasonably calculated to lead to the discovery of admissible evidence" as required by Fed. R. Civ. P. 26(b) because the mere fact that defendant Patton had been disciplined as a result of complaints filed by prisoners is not relevant to any of plaintiff's remaining claims nor has plaintiff indicated how an affirmative answer to his interrogatory would, or even could, lead to discovery of admissible evidence.  Defendant Patton need not answer further.

10.  In request to admit number 14 directed at defendant Patton, plaintiff asks defendant Patton to admit or deny wether he has been suspended for assaulting a prisoner.  The court finds

that this interrogatory is not "reasonably calculated to lead to the discovery of admissible evidence" as required by Fed. R. Civ. P. 26(b) because the mere fact that defendant Patton had been suspended for assaulting a prisoner is not relevant to plaintiff's remaining claim against Patton which concerns denial of access to medical care. Furthermore, plaintiff has not indicated how Patton's admitting request to admit 14 would, or even could, lead to discovery of admissible evidence. Defendant Patton need not answer further.

11. Defendant Patton need not provide a further response to plaintiff's request to admit number 15 as that request has been adequately answered.

12. In request to admit number 16 directed to defendant Patton, plaintiff asks Patton to admit or deny whether he has been reprimanded or suspended as a result of a prisoner grievance filed against him. The court finds that this interrogatory is not "reasonably calculated to lead to the discovery of admissible evidence" as required by Fed. R. Civ. P. 26(b) because the mere fact that defendant Patton had been reprimanded or suspended as the result of a prisoner grievance is not relevant to plaintiff's remaining claim against Patton which concerns denial of access to medical care. Furthermore, plaintiff has not indicated how Patton's admitting request to admit 16 would, or even could, lead to discovery of admissible evidence. Defendant Patton need not answer further.

13. Defendant Harrod need not provide further responses to plaintiff's request for admissions 1 or 2 as those requests have been adequately answered.

14. With respect to request to produce 4 directed to defendants Felker, Harper, Harrod, Keating, McDonald, Perez, Probst, Smith Uribe and Williams, those defendants shall serve upon plaintiff, within 14 days, any documents indicating where defendant Probst worked inside High Desert State Prison on July 5, 2007 to the extent such documents have not already been provided to plaintiff.

15. With respect to request to produce 7 directed to defendants Felker, Harper, Harrod, Keating, McDonald, Perez, Probst, Smith Uribe and Williams, those defendants shall serve upon

1  plaintiff, within 14 days, any documents indicating where defendant Uribe worked inside High
2  Desert State Prison on March 8, 2007, to the extent such documents have not already been
3  provided to plaintiff.
4      16.  With respect to request to produce 20 directed to defendants Felker, Harper, Harrod,
5  Keating, McDonald, Perez, Probst, Smith Uribe and Williams, those defendants shall serve upon
6  plaintiff, within 14 days, any documents indicating where defendant Harrod worked inside High
7  Desert State Prison on August 12, 2007 to the extent such documents have not already been
8  provided to plaintiff.
9      17.  Defendants Felker, Harper, Harrod, Keating, McDonald, Perez, Probst, Smith Uribe
10 and Williams need not respond further to request to produce number 21 as that request has been
11 adequately answered.

Dated: July 8, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

[1] chat1028.36(dis)