UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES CHATMAN,

        Plaintiff,

  v.

TOM FELKER, et al.,

        Defendants.

No.  2:09-cv-1028 JAM CKD P

FINDINGS AND RECOMMENDATIONS

      Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983.  Plaintiff proceeds with a claim arising under the Eighth Amendment against defendant Patton.  Defendant Patton, a former employee of the California Department of Corrections and Rehabilitation at High Desert State Prison, has filed a motion for summary judgment.

I.  Plaintiff's Claim

      In "Count 2" of his complaint, plaintiff alleges that on or about March 8, 2007, while housed in "administrative segregation," he summoned Correctional Officer Nichols because he had been suffering "excruciating pain to his left foot and left shoulder."  Because of the pain, plaintiff could not move from his bed.  Complt., ¶33.

/////

/////

1

In response, Nichols summoned defendant Patton, a "facility sergeant," and Officer Uribe.[1]  Id., ¶¶ 7 & 34.  When defendant Patton and Uribe arrived at plaintiff's cell, plaintiff told them he could not move and that his left foot and shoulder hurt very badly.  Id., ¶ 35.  Defendant Patton and Officer Uribe asked plaintiff to come to the door of his cell.  Id., ¶ 36.  In response, plaintiff indicated he could not leave his bed.  Id., ¶ 37.  Defendant Patton and Officer Uribe informed plaintiff that if he did not come to the door, they would not help plaintiff and would interpret plaintiff's actions as a refusal of medical care.  Id., ¶ 36.  Because plaintiff did not come to the door of his cell, defendant Patton and Officer Uribe left.  Id., ¶ 37.

Plaintiff spent that evening in "excruciating pain" and could not move.  Id., ¶ 38.  The following morning, plaintiff was discovered in poor physical condition and taken to the infirmary by correctional officers in a wheelchair.  Id., ¶ 39.  Plaintiff was admitted to the infirmary and diagnosed with having gout.  Id. ¶¶ 39-40.

The allegations made in plaintiff's complaint are signed under the penalty of perjury.

II. Summary Judgment Standard

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials. . ." Fed. R. Civ. P. 56(c)(1)(A).

Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "[A] complete failure of proof concerning an

/////

---

[1] Officer Uribe is defendant in this action, but not a party to the motion for summary judgment addressed herein.

essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of their pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists or show that the materials cited by the movant do not establish the absence of a genuine dispute. See Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902

(9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).

III.  Argument And Analysis

The Eighth Amendment's prohibition of cruel and unusual punishment extends to medical care of prison inmates.  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  In order to state a section 1983 claim for violation of the Eighth Amendment based on inadequate medical care, a prison inmate must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Id. at 106.  The nature of a defendant's responses must be such that the defendant purposefully ignores or fails to respond to a prisoner's pain or possible medical need in order for "deliberate indifference" to be established.  McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled in part on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997).  Deliberate indifference may occur when prison officials deny, delay, or intentionally interfere with medical treatment, or may be demonstrated by the way in which prison officials provide medical care.  Id. at 1059-60.  However, a showing of merely inadvertent or even negligent medical care is not enough to establish a constitutional violation.  Estelle, 429 U.S. at 105-06; Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998).

In support of his motion for summary judgment, defendant Patton first argues that he was not made aware that plaintiff was in pain on March 8, 2007.  In his affidavit, defendant Patton denies ever having contact with plaintiff on March 8, 2007, and states that it would not be part of his normal duties as a "correctional sergeant" to visit an inmate at his cell in response to a request for medical care or a potential medical emergency.  However, Patton's assertions are in direct conflict with those made by plaintiff and the court must accept plaintiff's assertions in this respect for purposes of defendant's motion for summary judgment.

/////

/////

/////

Next, defendant Patton argues that even if he had been informed that plaintiff had been suffering pain in his left foot[2] and shoulder and took no action[3], he cannot be liable under the Eighth Amendment "as isolated occurrences of neglect do not constitute deliberate indifference to serious medical needs." Mot. at 8. The court rejects this argument because taking no action after learning someone is in need of medical attention is a clear manifestation of deliberate indifference unless there is a legitimate reason why no action was taken.

Defendant Patton also argues that plaintiff's condition was not serious enough to warrant Eighth Amendment protection. Again, plaintiff indicated that when defendant Patton came to plaintiff's cell he could not move and had "excruciating pain" in his left foot and shoulder. At his deposition, plaintiff asserted the pain amounted to a "12" on a scale of 1-10. RT 18. This is sufficiently serious. Defendant points to evidence indicating that plaintiff's condition was not serious before he met with plaintiff on March 8, 2007 and then in the late morning hours of March 9, 2007. While this evidence certainly suggests plaintiff's pain on the evening of March 8, 2007 and the early morning hours of March 9, 2007, was not as severe as plaintiff alleges, the evidence does not serve to negate the existence of at least a genuine issue of material fact that the pain was as severe as plaintiff asserts.

Defendant Patton further argues that any delay in medical care attributed to him did not cause plaintiff any harm. Defendant seems to suggest that plaintiff needed to suffer some permanent injury as a result of defendant's actions rather than just subjecting plaintiff to severe pain to be liable under the Eighth Amendment. This is too narrow a reading of the Eighth Amendment and does not follow from the case law identified above or subsequent precedent in this circuit. It is true, as defendant Patton suggests, that there is nothing showing that plaintiff's condition worsened as a result of defendant Patton's alleged failure to summon medical care. Plaintiff alleges, however, that due to the actions of defendant Patton he was left to suffer in pain

---

[2] At his deposition, plaintiff clarified that the pain he allegedly suffered in his left foot was centralized in his left big toe. RT 14.

[3] Defendant Patton does not address plaintiff's allegations that he told Patton and Uribe that he could not move.

on the evening of March 8, 2007.

Finally, defendant Patton argues he is immune from plaintiff's remaining Eighth Amendment claim under the "qualified immunity" doctrine. Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). To survive a motion for summary judgment based on qualified immunity, the plaintiff must show that there are facts in the record sufficient to establish that defendants conduct violated a constitutional right. Saucier v. Katz, 533 U.S. 194, 201 (2001); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). If no constitutional violation occurred, defendants are immune from liability. Saucier, 533 U.S. at 201. If a constitutional violation occurred, the court must further inquire "whether the right was clearly established." Id. "If the law did not put the [defendants] on notice that [their] conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate." Id. at 202.

As indicated above, it is clearly established that prison officials have a duty under the Eighth Amendment not to be deliberately indifferent to the serious medical needs of inmates. As described above, there is at least a genuine issue of material fact as to whether defendant Patton was deliberately indifferent to plaintiff's serious medical needs. Therefore, defendant Patton is not immune under the "qualified immunity" doctrine from plaintiff's remaining claim against him.

In accordance with the above, IT IS HEREBY RECOMMENDED that defendant Patton's motion for summary judgment (ECF No. 118) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 6, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
chat1028.57