UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES CHATMAN, | No. 2:09-cv-1028 JAM CKD P |
| Plaintiff, | |
| v. | ORDER |
| TOM FELKER, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 25, 2014, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. No party has filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

/////

1

1       Accordingly, IT IS HEREBY ORDERED that:

2       1. Defendant Felker, Harper, Harrod, Keating, McDonald, Perez, Probst, Smith, Uribe
3  and Williams's motion for summary judgment (ECF No. 120) is granted in part and denied in part
4  as follows:

5              A. Granted with respect to plaintiff's remaining First Amendment claim against
6              defendant Williams resulting in defendant Williams being dismissed from this
7              action.
8              B. Denied with respect to plaintiff's remaining Eighth Amendment denial of
9              medical care claim against defendant Uribe described in "Count Two" of
10             plaintiff's complaint.
11             C. Denied with respect to plaintiff's remaining First Amendment retaliation and
12             Eighth Amendment excessive force claims against defendant Smith described in
13             "Count Three" of plaintiff's complaint.
14             D. Denied with respect to plaintiff's remaining First Amendment retaliation claim
15             against defendant Probst concerning events occurring July 5, 2007 identified in
16             "Count Four" of plaintiff's complaint.
17             E. Granted with respect to plaintiff's remaining First Amendment retaliation
18             claims in "Count Five" against defendants Felker, McDonald and Perez.
19             F. Denied with respect to plaintiff's claim that defendant Harrod dismissed a
20             grievance filed by plaintiff in retaliation for plaintiff's exercise of his First
21             Amendment rights as identified in "Count Six" of plaintiff's complaint.
22             G. Denied with respect to plaintiff's remaining First Amendment claim against
23             defendant Keating based upon Keating denying plaintiff the ability to
24             communicate with attorney Fellner identified in "Count Eight" of plaintiff's
25             complaint.
26             H. Denied with respect to plaintiff's claim that defendant Harper retaliated against
27             plaintiff in violation of the First Amendment by confiscating certain personal
28  /////

property items because plaintiff staged a hunger strike as identified in "Count Nine" of plaintiff's complaint.

2   Plaintiff's remaining First Amendment retaliation claims against defendants Felker, McDonald and Perez described in "Count Ten" of plaintiff's complaint are dismissed for failure to exhaust administrative remedies resulting in Felker, McDonald and Perez being dismissed from this action.

DATED:  April 15, 2014

/s/ John A. Mendez_____
UNITED STATES DISTRICT COURT JUDGE